IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Breanne J. Williams, | ) | C/A No.: 0:17-1063-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | STIPULATED ORDER UNDER |
| | ) | FEDERAL RULE OF EVIDENCE 502(**d**) |
| Alfredo Valencia Rodriguez; and Daimler Trucks North America LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

During discovery in this action the parties may be required to review and produce documents that may contain attorney-client privileged communications, common-interest privileged communications, joint-defense privileged communications, or work-product material prepared or compiled in anticipation of litigation ("Protected Material"). The parties agree that the danger of subject-matter waiver or other loss of protection as a consequence of disclosure of Protected Material would cause them to expend undue time and expense in an exhaustive review of documents before producing them. Accordingly, pursuant to Federal Rule of Evidence 502(d), the parties wish to establish a framework under which they may (i) retroactively demand the return and nonuse of Protected Materials that they have produced; and (ii) avoid waiver of protections otherwise applicable to Protected Materials that they have produced. The parties, through their undersigned counsel, therefore agree:

1.      This order shall govern any and all productions of Protected Material during discovery in this action.

2. The production or making available for review, inspection, or copying by the parties of documents that contain or comprise Protected Material, whether done intentionally or inadvertently, shall not be a waiver of any attorney-client privilege, common-interest privilege, joint-defense privilege, or work-product protection afforded by federal or state law. This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

3. A party that has produced, referred to, or made available for review, inspection, or copying documents that contain or comprise Protected Material may request in writing any and all receiving parties to return, sequester, or destroy specifically-identified Protected Material contained therein. Within ten business days of the receipt of such a request, the receiving party must either comply with the request or seek relief from the Court as to the discoverability of the document(s) in dispute, in accordance with Federal Rule of Civil Procedure 37 and any applicable orders of the Court. Parties that have provided Protected Material to third parties shall be responsible for these third parties' compliance.

4. Failure of a party to object promptly to the use of Protected Material by any party or third party in this action, or any party in any other current or future federal or state proceeding, shall not constitute waiver of these relevant privileges and protections afforded by federal or state law.

5. Failure of a party to demand promptly the return, sequestration, or destruction of Protected Material by any party or third party in this action, or any party in

any other current or future federal or state proceeding, shall not constitute waiver of these relevant privileges or protections afforded by federal or state law.

6. The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Material under this order.

7. This order does not obligate any party to disclose documents that contain or comprise of Protected Material, and, therefore, the parties may withhold any Protected Material so long as they comply with applicable law.

8. Nothing herein is intended to or shall serve to limit a party's right to conduct a review of documents, electronically-stored information, or information (including metadata) for relevance, responsiveness, or segregation of privileged and/or protected information before discovery.

9. This order does not waive any party's right to seek discovery of documents that another party may consider protected by attorney-client privilege, common-interest privilege, joint-defense privilege, or work-product protection and refuses to disclose on that basis. This order does not supersede the parties' obligations under Federal Rule of Civil Procedure 37 and any applicable orders of this Court to "meet and confer" or otherwise attempt to resolve their disputes before filing motions to compel disclosure or discovery.

10. This order does not waive any party's rights or excuse any party's obligations under the Confidentiality Order in this case, which concerns the production of documents containing or comprising of confidential information.

11. This order, entered into pursuant to Federal Rule of Evidence 502(d), is enforceable as against the parties and as against third parties in this action, or any party in any other current or future federal or state proceeding.

IT IS SO ORDERED.

*Shiva V. Hodges*

September 19, 2017  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge