IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Breanne J. Williams, | ) | Case No. 0:17-cv-01063-TLW-SVH |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Alfredo Valencia Rodriguez and Daimler Trucks North America, LLC, | ) | |
| Defendants. | ) | |

The Plaintiff, Breanne J. Williams ("Williams"), brought this suit against her former employer, Daimler Trucks North America, LLC ("Daimler"), and one of its employees, Alfredo Valencia Rodriguez ("Valencia"), based on her termination and alleged assault and battery by Valencia. Daimler filed a Partial Motion to Dismiss on April 26, 2017, for dismissal of the ratification claim against Daimler. ECF No. 9. Williams filed a response in opposition, ECF No. 27, to which Daimler replied, ECF No. 29.

This matter is now before the Court for review of the Report and Recommendation ("the Report") filed on August 28, 2017, by United States Magistrate Judge Shiva V. Hodges, to whom this case was assigned pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.). ECF No. 41. In the Report, the Magistrate Judge recommends that this Court grant Daimler's Partial Motion to Dismiss with leave for Williams to file an amended complaint as to the ratification claim. *Id*. Williams filed timely objections to the Report on September 10, 2017, ECF No. 45, to which Daimler replied on September 25, 2017, ECF No. 48. This matter is now ripe for disposition.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the

> recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

This Court has carefully reviewed the Report, relevant filings, and applicable case law in accordance with the standard set forth in *Wallace*, and concludes that dismissal of the ratification claim is not appropriate at the Rule 12 stage. This Court notes the detailed analysis in the Report and the positions of the parties in connection with the filed objections and the response. However, the Court concludes the ratification claim should survive a Rule 12 motion. The Court simply cannot determine at this stage, based on the allegations of the complaint related to the ratification claim, whether the allegations are insufficient to support such a claim in light of the cited case law. Williams cites to *Hogan v. Forsyth Country Club Co.*, 340 S.E.2d 116 (N.C. Ct. App. 1986), which provides a comparable factual basis to allow the ratification claim to proceed. Discovery and additional briefing are necessary to make a proper determination. Accordingly, after careful consideration, the Court chooses not to adopt the Report, ECF No. 41, specifically as to the dismissal of the ratification claim. Therefore, Daimler's Partial Motion to Dismiss, ECF No. 9, is **DENIED**.

    **IT IS SO ORDERED.**

                                                  *s/Terry L. Wooten*
                                                  Chief United States District Judge

December 20, 2017
Columbia, South Carolina